IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

KENDRICK SALES, Individually,
WILLIAM E. WHITE, JR., Individually,
WAYNE TUBBS, JR., Individually,
And on Behalf of Others Similarly Situated                              PLAINTIFFS

V.                                              CIVIL ACTION NO.: 2:12-CV-00056-SA-SAA

JAMES BAILEY,
DELTA PRODUCTS TREE SERVICE, LLC,
And MS RIGHT OF WAY PROFESSIONALS, LLC                    DEFENDANTS

## MEMORANDUM OPINION

Plaintiffs prevailed in an action under the Fair Labor Standards Act ("FLSA"). At the Court's direction, Plaintiffs have filed a Motion for Attorneys' Fees and Costs [68]. Defendants have filed no response, and the motion is now ripe. Upon consideration of the motion, responses, rules, and authorities, the Court finds as follows:

Factual and Procedural Background

Eleven employees collectively brought suit against James Bailey, Delta Products Tree Service, LLC, and MS Right of Way Professionals, LLC to recover unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act ("FLSA"). See 29 U.S.C. § 216(b). Following a three day bench trial, the Court found in favor of the Plaintiffs and awarded them a total of $29,623.12. In the present motion, Plaintiffs request more than $85,000 in attorneys' fees and more than $6,000 in costs and expenses. The Court addresses each request in turn.

Attorneys' Fees

*Lodestar Method*

The Court shall "allow a *reasonable attorney's fee* to be paid by the defendant" to the prevailing parties in a suit under the FLSA. 29 U.S.C. § 216(b) (emphasis added). The first step in determining the appropriate fee award is the lodestar calculation. Saizan v. Delta Concrete Products Co., 448 F.3d 795, 799 (5th Cir. 2006). This entails "[m]ultiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work" to arrive at the lodestar amount. Id.

Hours Reasonably Spent

Plaintiffs have requested compensation for a total of 347 hours spent by three different attorneys and one legal assistant. The individuals seeking compensation "bear[] the burden of establishing entitlement to an award . . . ." La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 324 (5th Cir. 1995) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). The Court "must determine whether the hours claimed were 'reasonably expended on the litigation.'" Id. (citation and quotation omitted). To demonstrate that hours spent were reasonable, Plaintiffs must show "they exercised billing judgment." Saizan, 448 F.3d at 779. This requires "documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." Id.

Plaintiffs have provided a detailed list, accounting for two-and-a-half years' time spent on the case in four hundred forty-seven entries, fifty-two of which contain only "written-off" hours for which they do not seek to recover. Within each entry, Plaintiffs have listed a detailed description of the work performed, the individual who executed the task, the date, hourly rate, time billed, and time not credited. The Court finds that this detailed accounting constitutes sufficient evidence of billing judgment.

Regardless of billing judgment, however, the time spent by the legal assistant for Plaintiffs' counsel, Dolores Luna, is not recoverable insofar as it is considered purely clerical work. Coleman v. Houston Indep. Sch. Dist., 202 F.3d 264, 1999 WL 1131554, at *9 (5th Cir. 1999) (citing Allen v. U.S. Steel Corp., 665 F.2d 689, 697 (5th Cir. 1982)). Rather, to be recoverable, time spent by a legal assistant must be similar to that typically performed by lawyers. Id.

Examples of purely clerical tasks that have been held not recoverable are seeking *pro hac vice* admission, U.S. ex rel. Rigsby v. State Farm Fire & Cas. Co., 2014 WL 691500, at *1 (S.D. Miss. Feb 21, 2014), assisting with the filing and service of briefs, formatting an appendix to a brief, Davis v. Perry, 2014 WL 172119, at *1 (W.D. Tex. Jan. 15, 2014), drafting cover letters to the court, calendaring deadlines, filing appearance forms, ordering transcripts, reorganizing materials, and filing notices of an address change. Black v. SettlePou, PC, 2014 WL 3534991, at *6 (N.D. Tex. July 17, 2014).

Ms. Luna made travel preparations, arranged for interpretive services, informed Plaintiffs of the scheduling of various events throughout the litigation, and compiled information for the Plaintiffs' travel expenses. This work, which took 8.55 hours in total, closely resembles the clerical tasks that have been held not recoverable as part of the award of attorneys' fees. Conversely, Ms. Luna also made several phone calls and sent several emails to the Plaintiffs relating to the merits of their wage claims. On the days of trial, she accompanied the Plaintiffs before, during, and after court. She also provided interpretive assistance at trial. The Court finds these actions to be similar to work performed by lawyers, and thus recoverable as part of the fee award.

The Plaintiffs' request is accordingly reduced by 8.55 hours. Aside from this reduction, the Court finds the proposed hours spent to be reasonable.

Appropriate Hourly Rates

The Court must next determine whether the rates proposed by Plaintiffs are reasonable in light of the prevailing market rates for the community in which the district court sits. Tollet v. City of Kemah, 285 F.3d 357, 368 (5th Cir. 2002). The Fifth Circuit has instructed that the reasonable rate is usually established by affidavits of other attorneys practicing in the district. Id. (citing Watkins v. Fordice, 7 F.3d 453, 458 (5th Cir. 1993)). In embarking on the reasonableness inquiry, the Court is also to consider the "special skill and experience of counsel . . . ." Walker v U.S. Dep't of Housing & Urban Dev., 99 F.3d 761, 771 n.12 (5th Cir. 1996).

Plaintiffs request hourly rates of $250 for Philip Stroud, the founding partner of Stroud Law Firm, PC and $300 for William Ryan, a partner at Donati Law Firm, LLP. To demonstrate the reasonableness of these rates, Plaintiffs have submitted affidavits concerning their respective levels of experience. Mr. Ryan averred that he has been practicing since 1991, has succeeded in more than twenty bench and jury trials, and is frequently asked to serve as co-counsel in wage and hour cases such as the present action. Mr. Ryan also states that he has argued three cases before the Sixth Circuit Court of Appeals, as well as ten cases before the Tennessee Supreme Court. According to the affidavit of Mr. Stroud, he has been practicing since 1997, is currently the managing partner at his law firm, and routinely represents plaintiffs in state and federal litigation.

Additionally, Plaintiffs have submitted a declaration from Jim Waide, an attorney based in Tupelo, Mississippi, who possesses significant experience litigating in this Court and others. In it, Mr. Waide states:

based on my knowledge of the legal market, the hourly rate of $300 sought by Mr. Ryan and the hourly rate of $250 sought by Mr. Stroud is in line with the prevailing market rate for attorneys representing multi-plaintiffs in employment cases particularly in light of the skill and experience of Messrs. Ryan and Stroud.

District courts within the Fifth Circuit have held even higher rates to be reasonable in FLSA actions for partner-level attorneys. See Meesook v. Grey Canyon Family Med., PA, 2014 WL 5040133, at *3-*4 (W.D. Tex. Oct. 8, 2014) (finding that a $400 hourly rate was reasonable); Roussel v. Brinker Intern., Inc., 2010 WL 1881898, at *3 (S.D. Tex. 2010), aff'd, 441 F. App'x 222, 234 (5th Cir. 2011) (finding rates of up to $500 per hour to be reasonable); Johnson v. Big Lots Stores, Inc., 639 F. Supp. 2d 696, 702 (E.D. La. 2009) (finding $300 per hour to be a reasonable rate). In light of the experience listed, the asserted community rates, and the rates upheld by other courts within the Fifth Circuit, the Court determines the fees of Mr. Stroud and Mr. Ryan to be reasonable.

Plaintiffs have also requested hourly rates of $125 for Ms. Luna and $175 for an associate Janelle Osowski, but they have submitted no evidence to demonstrate that these rates are in line with those charged in the community. Yet, as noted above, Defendants have not filed a response in opposition to this motion. The Fifth Circuit has upheld fees as reasonable for the sole fact that they were uncontested. See Tollett, 285 F.3d at 369 ("[O]nly because the [defendant] has not contested [the fee], we hold that, based on [plaintiff's] counsel's affidavit, the reasonable hourly rate is $300."); Baulch v. Johns, 70 F.3d 813, 818 n.8 (5th Cir. 1995) (approving requested rate of $250-$330 per hour without commenting on "whether the rate claimed would be reasonable in other cases in the Dallas area" because "the specifics [of the fee] were not subject to adversarial testing").

Moreover, the Court notes that Ms. Luna's and Ms. Osowski's proposed hourly rates of $125 and $175 respectively are significantly lower than the hourly rates the Court finds

reasonable for Mr. Stroud and Mr. Ryan. Additionally, equivalent or greater rates have been held reasonable by district courts within the Fifth Circuit. See Humphrey v. United Way of Tex. Gulf Coast, 802 F. Supp. 2d 847, 863 (S.D. Tex. 2011) (finding $125 per paralegal hour to be reasonable and finding $225 per associate hour to be reasonable); Roussel, 2010 WL 1881898, at *3 (awarding $125 per hour for a paralegal and $250 per hour for associates); Johnson, 639 F. Supp. 2d at 701-02 (awarding $225 per hour for associate). The Court accordingly finds Ms. Luna's and Ms. Osowski's proposed rates to be reasonable.

Other than the reduction for Ms. Luna's time spent performing non-legal work, the Court finds the Plaintiffs' proposed hours spent and hourly rates to be reasonable and appropriate. The following table represents the adjusted lodestar figure.

|  | Position | Hours | Hourly Rate | Fees |
|---|---|---|---|---|
| William Ryan | Partner | 186.4 | $300[1] | $55,920 |
| Philip Stroud | Partner | 72.7 | $250 | $18,175 |
| Janelle Osowski | Associate | 21 | $175 | $3,675 |
| Dolores Luna | Legal Assistant | 58.35 | $125 | $7,293.75 |
| Total |  |  |  | $85,063.75 |

*Johnson Factors*

After calculating the lodestar amount, the Court must determine whether a further adjustment is warranted by utilizing the factors set forth in Johnson v. Ga. Highway Express,

---

[1] As discussed above, the Plaintiffs request that Mr. Ryan be compensated at a rate of $300 per hour. Yet, in what the Court views as a mere clerical error, the Plaintiffs' billing documentation mistakenly lists the rate as $350 per hour for 28.5 of the 186.4 hours spent by Mr. Ryan. This table correctly reflects the requested rates as applied to the documented hours spent.

6

Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).[2] These are: (1) time and labor required, (2) novelty and difficulty of the questions, (3) skill required to perform the legal service properly, (4) preclusion of other employment by the attorney due to acceptance of the case, (5) customary fee charged, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) amount involved and the results obtained, (9) experience, reputation, and ability of the attorneys, (10) undesirability of the case, (11) nature and length of the professional relationship with the client, and (12) fee awards in similar cases. Id. Notwithstanding these factors, however, a strong presumption of reasonableness attaches to the amount generated by the lodestar method. City of Burlington v. Dague, 505 U.S. 557, 562, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992); Saizan, 448 F.3d at 800.

The Fifth Circuit has cautioned that courts should refrain from considering factors that are subsumed within the lodestar analysis. Migis v. Pearle Vision, 135 F.3d 1041, 1048 (5th Cir. 1998) (citation omitted). Both the Supreme Court and Fifth Circuit have held that Johnson factors two, three, eight, and nine are "presumably fully reflected in the lodestar amount." Walker, 99 F.3d at 771-72 & n.12 (quoting Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986)). The Fifth Circuit has held the seventh factor to be subsumed into the lodestar analysis. Id. at 772. In addition to these factors presumed to be included in the analysis, the Court's inquiry into the appropriate lodestar amount in the present case involved factor one—time and labor required, as well as factor five—the fee customarily charged. See e.g., Meesook, 2014 WL 5040133, at *5; John E. Raymond, Inc. v. Blair, 2012 WL 1135778, at *7 (E.D. La. Jan. 10, 2012).

Additionally, since Johnson was decided, the Supreme Court has instructed courts not consider the sixth factor—whether the fee is fixed or contingent. Id. (citing City of Burlington,

---
[2] Plaintiffs do not seek an upward enhancement.

505 U.S. at 567, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992)). This leaves the Court to consider Johnson factors four—preclusion of other employment, ten—undesirability of the case, eleven—nature and length of relationship, and twelve—similar fee awards.

There is no evidence that Plaintiffs' counsel was precluded from accepting other employment as a result of this case. Thus, while many hours were undoubtedly spent, the Court finds nothing unusual justifying a downward departure or an upward enhancement based on the fourth factor. Additionally, although the presence of eleven total plaintiffs, several of whom were non-English speaking, added to the complexity of the litigation, the Court has been made aware of no circumstances that rendered this case "undesirable" for purposes of the tenth factor. The Court likewise finds nothing out of the ordinary concerning the nature or length of relationship between the attorneys and clients and thus no reason to depart from the lodestar amount in regard to the eleventh factor.

As to the final factor, fees awarded in similar cases, the Fifth Circuit has noted that "[g]iven the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples." Howe v. Hoffman-Curtis Partners Ltd., 215 F. App'x 341, 341-42 (5th Cir. 2007). Indeed, in FLSA actions, the Fifth Circuit has affirmed $250,750 in attorneys' fees when the plaintiffs recovered $180,000, Singer v. City of Waco, Tex., 324 F.3d 813, 829-30 (5th Cir. 2003),[3] fees of $129,805.50 compared to $23,357.30 in damages, Howe, 215 F. App'x at 341-42, fees of $51,750 when plaintiffs recovered judgments totaling $4,697.79, Lucio-Cantu v. Vela, 239 F. App'x 866, 867-68 (5th Cir. 2007), and $9,250 in attorneys' fees even though plaintiff was awarded only $1,181. Cox v.

---

[3] These figures from Singer are drawn from the district court's opinion in that case. Singer v. City of Waco, Tex., 2001 WL 34773880, at *5 (W.D. Tex. Nov. 13, 2001).

Brookshire Grocery Co., 919 F.2d 354, 358 (5th Cir. 1990). The lodestar amount here, after adjustment for the non-recoverable legal assistant fees, is $85,063.75 compared to the $29,623.12 judgment for unpaid wages and liquidated damages. The Court finds this ratio to fall within the range permitted by Fifth Circuit authority such that the twelfth factor does not justify a departure from the lodestar amount.

Thus, after consideration of the Johnson factors and in light of the Defendants' failure to respond, the Court declines to make a further downward adjustment or upward enhancement. The adjusted figure of $85,063.75 represents the final award of attorneys' fees.

Costs and Expenses

Plaintiffs also request costs and expenses in the amount of $6,029.55 for the following: filing fees, trial transcript fees, witness fees, copy charges, interpreter expenses, process-service fees, travel expenses, and postage. The Federal Rules of Civil Procedure provide that costs "*should* be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1) (emphasis added); see also Cheatham v. Allstate Ins. Co., 465 F.3d 578, 586 (5th Cir. 2006) ("There is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs."). The Supreme Court and Fifth Circuit have held that, when awarding costs under Rule 54, district courts should only allow costs specifically recoverable as taxing costs under 28 U.S.C. § 1920 unless there is contractual or statutory authorization for additional costs or expenses. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987); Gagnon v. United Technisource, Inc., 607 F.3d 1036, 1045 (5th Cir. 2010). The categories enumerated in Section 1920 are: (1) fees of the clerk and marshal, (2) fees for printed or electronically recorded transcripts, (3) fees and disbursements for printing and witnesses, (4) fees for exemplification

and costs to make necessary copies of materials, (5) docket fees, and (6) compensation for court appointed experts, for interpreters, and costs related to special interpretation services.

As this Court has previously explained, a filing fee, like that requested here, "is a 'fee of the clerk' which is typically allowed as part of costs under Section 1920." Card v. State Farm Fire & Cas. Co., 126 F.R.D. 658, 660 (N.D. Miss. 1989) aff'd, 902 F.2d 957 (5th Cir. 1990). Likewise, the requested trial transcript fee is recoverable under Section 1920(2); the witness fees are recoverable under Section 1920(3); the copy charges related to the litigation are recoverable under Section 1920(4); and interpreter expenses are recoverable under Section 1920(6). The Court finds the Plaintiffs' requests for costs as to these categories to be well taken.

However, other costs and expenses requested fall beyond the scope of Section 1920. Although process service fees are sometimes considered fees of the marshal recoverable under Section 1920(1), the Fifth Circuit does not consider amounts paid to private process-servers, like those persons effecting service here, to be recoverable as taxing costs. Marmillon v. Am. Intern. Ins. Co., 381 F. App'x 421, 431 (5th Cir. 2010). Additionally, Section 1920 makes provision neither for travel expenses not included as part of a witness fee, Coats v. Penrod Drilling Corp., 5 F.3d 877, 891 (5th Cir. 1993), nor for postage. Kmart Corp. v. Kroger Co., 2014 WL 3510488, at *10 (N.D. Miss. July 14, 2014). Therefore, in order for the Court to award these expenses, there must be a different statutory or contractual basis for doing so. Gagnon, 607 F.3d at 1045.

Plaintiffs argue that the FLSA provides such authorization for recovery of the process-service expenses, travel expenses, and postage as reasonable out-of-pocket expenses. Indeed, the Fifth Circuit has held that the Age Discrimination and Employment Act ("ADEA") provides such authorization. West v. Nabors Drilling USA, Inc., 330 F.3d 379, 395-96 (5th Cir. 2003). Further, the FLSA and ADEA share a remedial scheme. 29 U.S.C. § 626(b) (incorporating the

FLSA's enforcement and remedial provisions into the ADEA). Thus, by extension, the Court finds that the FLSA also grants authorization for recovery of reasonable out-of-pocket expenses. 29 U.S.C. § 216(b) (directing the Court to award attorneys' fees "and costs of the action"); see also Johnson, 639 F. Supp. 2d at 709 ("Courts have held that costs awarded under the FLSA include all reasonable out-of-pocket expenditures.").

Plaintiffs seek to recover a total of $95 for serving three separate defendants with process, hotel expenses at a rate of approximately $80 per room per night, gasoline at a total of $50.61, and copy charges of $220.50. Considering the number of plaintiffs represented in this case, the fact that the case was not resolved until after a full trial on the merits, and the relatively modest amounts requested,[4] the Court finds that the proposed out-of-pocket expenses are reasonable.

Accordingly, the Court finds that Plaintiffs' requests for costs is well taken, both as to the taxing costs authorized by Section 1920 and as to the reasonable out-of-pocket expenses authorized by the FLSA. Plaintiffs' request for $6,029.55 in costs and expenses is GRANTED.

## Conclusion

The Plaintiffs' Motion for Attorneys' Fees and Costs [68] is GRANTED IN PART and DENIED IN PART. Plaintiffs are awarded $85,063.75 in attorneys' fees and $6,029.55 in taxing costs and reasonable out-of-pocket expenses. A separate order to that effect shall issue this day.

SO ORDERED, this 22nd day of April, 2015.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**

---

[4] For example, Plaintiffs in an FLSA case in the Southern District of Louisiana requested $142,435.57 in total costs, including $30,000 in copy charges following a two day trial in which two plaintiffs prevailed. Johnson, 639 F. Supp. 2d at 709. Although the Court did not grant the request in its entirety, it nonetheless awarded $64,096.01 in total costs. Id. at 709-10.